**HAGNER & ZOHLMAN, LLC**
John A. Zohlman, III, Esq. (#017481991)
Thomas A. Hagner, Esq. (#070852014)
57 Kresson Road
Cherry Hill, New Jersey 08034
Tel: (856) 663-9090
Fax: (856) 663-9199
Email: jzohlman@hzlawpartners.com
Email: tahagner@hzlawpartners.com
*Attorneys for Defendant, Cage Fury MMA, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUSH MEDIA COMPANY, LLC, | CIVIL ACTION |
| *Plaintiff*, | |
| v. | |
| CAGE FURY MMA, LLC, | Case No: 1:26-cv-04345-CPO-AMD |
| *Defendant*. | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Cage Fury MMA, LLC, by way of Answer to the Complaint brought by the Plaintiff, Rush Media Company, LLC, states as follows:

## I.
## PARTIES[1]

1.      Admitted.

2.      Defendant is without sufficient first-hand knowledge to admit or deny the allegations set forth in this paragraph and Plaintiff is left to its proofs.  To the extent a further response is required, the allegations are denied.

---

[1] For organizational purposes only, Defendant adopts the headings utilized in Plaintiff's Complaint.

**3.**     Admitted.

## II.
## JURISDICTION AND VENUE

**4.**     Admitted.

**5.**     Admitted.

**6.**     Admitted.

## III.
## FACTUAL BACKGROUND

**7.**     Denied insofar as Plaintiff unilaterally raised the agreed upon rates after the first two (2) events without notification or consent.

**8.**     Denied insofar as Plaintiff unilaterally raised the agreed upon rates after the first two (2) events without notification or consent.

**9.**     Denied as stated.

**10.**    Denied as stated.

**11.**    Denied as stated.

**12.**    Denied as stated.

**13.**    Denied as stated.

**14.**    Denied as stated.

**15.**    Denied as stated.

**16.**    Denied as stated.

**17.**    Denied insofar as the recordings have not been repeatedly broadcast.

**18.**    Admitted.

**19.**    Denied as stated.

**20.**    Denied as stated.

21.    Defendant is without sufficient first-hand knowledge to admit or deny the allegations set forth in this paragraph and Plaintiff is left to its proofs.  To the extent a further response is required, the allegations are denied.

22.    Denied.

23.    Admitted that a formal demand was sent, denied as to the amounts alleged to be owed.

24.    Denied.

25.    Denied.

## IV.
## CAUSES OF ACTION

### Count 1 – Breach of Contract

26.    Defendant repeats and realleges its responses to paragraphs 1 through 25 of Plaintiff's Complaint as if same were fully set forth herein.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

### Count 2 – Quantum Meruit (Pled in the Alternative)

31.    Defendant repeats and realleges its responses to paragraphs 1 through 30 of Plaintiff's Complaint as if same were fully set forth herein.

32.    Denied as stated.

33.    Denied as stated.

34.    Denied as stated.

35.    Denied.

## V.
## DAMAGES

**36.** Denied.

**VI.**
**PRAYER**

**37.** Denied.

**WHEREFORE**, Defendant demands Judgment dismissing Counts I-VI of the Plaintiff's

Complaint with prejudice and awarding it attorney's fees and taxed cost of suit.

**HAGNER & ZOHLMAN, LLC**
Attorneys for Defendant,

DATED: May 28, 2026                    BY:_____ */s/  John A. Zohlman, III, Esq.*
                                             JOHN A. ZOHLMAN, III, ESQ.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant, Cage Fury MMA, LLC, hereby

demands a trial by jury as to all issues so triable.

**HAGNER & ZOHLMAN, LLC**
Attorneys for Defendant

DATED: May 28, 2026                    BY:_____ */s/  John A. Zohlman, III, Esq.*
                                             JOHN A. ZOHLMAN, III, ESQ.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

**1.** Counts One through Six of the Plaintiff's Complaint singularly and/or in combination

fail(s) to set forth a cause of action upon which relief may be granted and Fed. R. Civ. P. 12(b)(6)

mandates dismissal with prejudice.

**2.** Plaintiff, a foreign limited liability company, is not permitted to prosecute a claim in the

State of New Jersey by virtue of Defendant's non-compliance with New Jersey law, including, but

not limited to, N.J.S.A. 42:2C-65, *et seq*.

3.      Plaintiff's claim for breach of contract fails because the Defendant has not breached any contractual duty, or any other duty as alleged by Plaintiff.

4.      Alternatively, Plaintiff's claim for quantum meruit fails because quasi-contractual liability cannot be assessed where an express written contract governs.

5.      Defendant performed each and every duty, if any, owed to the Plaintiff under the circumstances alleged in the Complaint or under any other circumstances.

6.      Plaintiff failed to mitigate its damages, if any.

7.      Plaintiff has suffered no damages as a direct or proximate result of any conduct on the part of Defendant.

8.      Plaintiff is barred from relief pursuant to the equitable doctrines of Res Judicata, Laches, Estoppel, Waiver, Frustration of Purpose, Mutual Mistake, Unilateral Mistake, and/or Unclean Hands.

9.      Plaintiff's complaint is barred or reduced by set-off, recoupment, failure of consideration, breach of contract, accord and satisfaction, unjust enrichment and/or credits not applied.

10.     The allegations asserted and contained in the Complaint resulted, if at all, from circumstances and conditions beyond the control of the Defendant.

11.     Any damages which may have been sustained by the Plaintiff were caused through the negligence, gross negligence, recklessness, intentional acts, breach of contract, and/or omissions of the Plaintiff and/or third-parties beyond the Defendant's control.

12.     Plaintiff's Complaint is barred by their own comparative and/or contributory negligence.

13.     Plaintiff's Complaint is barred by their own fraudulent actions and/or omissions.

14.     Plaintiff's Complaint is barred by their own intentional and/or negligent misrepresentations.

15.     Defendant reserves the right to amend and/or supplement the foregoing Separate and Affirmative Defenses with such additional defenses at or before the time of trial that may be necessary.

**HAGNER & ZOHLMAN, LLC**
Attorneys for Defendant,

DATED: May 28, 2026                BY:_____ */s/   John A. Zohlman, III, Esq.*
                                            JOHN A. ZOHLMAN, III, ESQ.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and complete copy of the foregoing pleading was caused to be electronically filed with the Court and served upon all parties via CM/ECF notification on the 28th day of May 2026.

**HAGNER & ZOHLMAN, LLC**
Attorneys for Defendant,

DATED: May 28, 2026          BY:     /s/  John A. Zohlman, III, Esq.
                                        JOHN A. ZOHLMAN, III, ESQ.